UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>     v.<br><br>ADAM TORMEY dba GOLDEN STATE BABY BARRIER, et al.,<br><br>              Defendants. | No. 2:23-cv-02121-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Defendants Adam Tormey dba Golden State Baby Barrier, C.A. Tormey Construction, Inc. dba Golden State Baby Barrier, and C.A. Tormey Construction, Inc. dba C.A. Tormey Remodeling's (collectively, "Defendants") Motion to Stay. (ECF No. 10.) Plaintiff State National Insurance Company ("Plaintiff") filed an opposition. (ECF No. 11.) Defendants filed a reply. (ECF No. 13.) For the foregoing reasons, the Court GRANTS Defendants' motion.

///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of an insurance coverage dispute about whether Plaintiff, the insurer, has a duty to defend and indemnify Defendants, the insureds, in a state court personal injury action under commercial general liability policies. (ECF No. 1 at 3–4.) There are two insurance policies at issue. First, Plaintiff issued Policy NXTFUGEDN3-00-GL to Adam Tormey dba Golden State Baby Barrier, effective from September 28, 2020, through September 28, 2021 (the "2020 Policy"). (*Id.*) The following year, Plaintiff issued renewal Policy No. NXTFUGEDN3-01-GL to Adam Tormey dba Diamond Pools, effective September 28, 2021, through September 28, 2022 (the "2021 Policy"). (*Id.*)

Plaintiff is currently providing a defense, under a complete reservation of rights, to C.A. Tormey Construction, Inc. dba Golden State Baby Barrier in the pending state court action, Sacramento County Superior Court, *Ethan Sproull v. D & D Technologies, (USA), Inc., et al.*, Case No. 23-CV-000328 (the "Underlying Action"). (*Id.*) The Underlying Action involves the drowning and near death of a two-year-old boy in a family pool on September 7, 2022, after the child was able to open the pool gate and fell into the pool. (*Id.*) The complaint in the Underlying Action alleges there were deficiencies in the swimming pool fence, gate, and component parts, including design flaws and improper installation. (*Id.* at 4.)

In the instant case, Plaintiff seeks a judgment declaring: (1) there is no potential for coverage or actual coverage for the Underlying Action under the 2020 or 2021 Policies; and (2) there is thus no duty to defend or indemnify any Defendant from or against liability they may sustain in that case. (*Id.* at 3.) Plaintiff also pleads a claim for recoupment of any sums expended under reservation of rights. (*Id.*) On February 23, 2024, Defendants filed the instant motion to stay this action until the conclusion of the Underlying Action. (ECF No. 10.)

///
///
///
///
///

2

## II. STANDARD OF LAW

A court's inherent power to stay is governed by *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).[1] Under *Landis*, the Court has "discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc.*, 300 F.2d at 268. "[T]hese competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254–55).

## III. ANALYSIS

Defendants argue this action should be stayed because the Underlying Action and the instant case involve overlapping issues and they will be prejudiced if they are forced to proceed in the instant case before the Underlying Action concludes. (ECF No. 10-1.) In opposition, Plaintiff asserts there is no overlap between the two actions because the instant case only concerns whether there is insurance coverage without regard to Defendants' ultimate liability. (ECF No. 11.) The Court will address the three *Landis* factors in turn.

///

///

---

[1] Defendants seem to acknowledge that *Landis*, which is federal procedural law, applies to this diversity case. (*See* ECF No. 10-1 at 4–5); *see Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 416 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."). However, Defendants urge the Court to also consider *Montrose Chemical Corp. of Cal. v. Superior Court* ("*Montrose I*"), 6 Cal. 4th 287 (1993), and *Montrose Chemical Corp. of Cal. v. Superior Court* ("*Montrose II*"), 25 Cal. App. 4th 902 (1994), which set forth the California standard for a stay of an insurance coverage dispute. (*Id.*) Because the Court intends to grant a stay under *Landis*, the Court need not and does not address the California standard.

3

A.     Possible Damage if the Stay is Granted

First, the Court considers the possible damage to Plaintiff that may result from the granting of a stay. Plaintiff argues it will be significantly damaged by a stay because it is currently providing a defense in the Underlying Action under a reservation of rights. (ECF No. 11 at 6.) Plaintiff emphasizes the Underlying Action is in its infancy, with potentially years of litigation ahead. (*Id.*) Plaintiff argues not only will it have to fund the defense in the Underlying Action, but it will also have to expend additional costs to pursue reimbursement from Defendants of fees and costs it expended and potential indemnity for the Underlying Action. (*Id.* at 6–7.)

Courts have rejected similar arguments from insurers because "advancing defense costs is part of an insurer's obligation and costs of doing business." *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760, at *5 (N.D. Cal. Feb. 12, 2019) (citation and internal quotation marks omitted). Moreover, the fact that Plaintiff can recover the costs of the defense pursuant to its reservation of rights weighs against finding Plaintiff will suffer harm if the stay is granted. *Id.*; *see also Philadelphia Indem. Ins. Co. v. Talega Maint. Corp.*, No. 8:23-CV-00466-FWS-KES, 2023 WL 8191139, at *3 (C.D. Cal. July 21, 2023) (rejecting insurer's argument that "it would be required to pay potentially irrecoverable and unnecessary defense costs" because the insurer could seek reimbursement of defense fees and costs in the future if necessary). Lastly, the Ninth Circuit has held that a delay in recovery of damages "is not the kind of prejudice which should move a court to deny a requested postponement." *CMAX*, 300 F.2d at 269. Accordingly, the Court finds the first factor weighs in favor of granting a stay.

B.     Possible Harm if the Stay is Denied

Second, the Court considers the possible harm to Defendants that may result if they are forced to proceed. Defendants argue allowing the instant case to proceed will compel them to fight a "two-front war" against their insurer in the instant case and plaintiffs in the Underlying Action. (ECF No. 10-1 at 2.) Plaintiff argues there is no prejudice to Defendants if the stay is denied because there is no factual overlap between the instant coverage dispute and the liability issues in the Underlying Action. (ECF No. 11 at 7.)

///

1 	The Court agrees with Defendants that simultaneously forcing them to litigate against their own insurer and plaintiffs in the Underlying Action weighs in favor of a stay. *See Zurich*, 2019 WL 570760, at *6 ("Courts have found that any prejudice (if at all) to the insurer in having to pay defense costs while the underlying case is pending is outweighed by prejudice to the insured in having to fight a 'two-front war.'"); *see also Atain Specialty Ins. Co. v. 20 Parkridge, LLC*, No. 15-CV-00212-MEJ, 2015 WL 2226356, at *10 (N.D. Cal. May 11, 2015) ("Defendants should not have to fight both in this action and the Underlying Action, expending significant resources. To do so would undercut one of the primary reasons for purchasing liability insurance.") (internal quotation marks omitted).

	The Court also agrees with Defendants that there may be some possible factual overlap between this action and the Underlying Action. *See Zurich*, 2019 WL 570760, at *6 (stating that a court in a coverage dispute action "runs the risk of making factual determinations that may conflict with the state court's findings in the underlying [action]"). For example, in the instant case there is a factual dispute about when the allegedly negligent work on the gate was completed and who completed the work, which will determine whether there is insurance coverage. Resolving this coverage dispute may implicate matters at issue in the Underlying Action about the scope and timing of work done on the gate. For these reasons, the Court finds the second factor also weighs in favor of granting a stay.

### C.     The Orderly Course of Justice

	Third, the Court considers whether the orderly administration of justice will be served by a stay. As discussed, there are factual disputes that may overlap between the instant case and the Underlying Action, which could lead to inconsistent rulings. *See RLI Ins. Co. v. ACE Am. Ins. Co.*, No. 19-CV-04180-LHK, 2020 WL 1322955, at *7 (N.D. Cal., Mar. 20, 2020) ("[C]ourts do not require that two proceedings adjudicate identical issues to find that a stay would promote the orderly course of justice. Instead, courts look for whether the underlying case would make determinations that would inform or 'contribute to the decision of[ ] the factual and legal issues before the district court.'") (quoting *Lockyer*, 398 F.3d at 1113).

///

In addition to avoiding potentially inconsistent rulings, a stay of the instant case would promote judicial efficiency and allow this Court to better manage its limited resources until the Underlying Action is resolved. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). Therefore, the Court finds the third factor also weighs in favor of granting a stay.

In sum, the Court concludes all three *Landis* factors weigh in favor of granting a stay. Accordingly, the Court GRANTS Defendants' motion.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Stay. (ECF No. 10.) The Court also DENIES as moot Defendants' *Ex Parte* Application for Extension of Time. (ECF No. 16.) The instant case is STAYED pending resolution of the Underlying Action. The parties shall file a Joint Status Report within thirty (30) days of the resolution of the Underlying Action. The Clerk of Court shall administratively close the case file. This is an internal administrative procedure that does not affect the rights of the parties.

IT IS SO ORDERED.

Date: April 19, 2024

Troy L. Nunley
United States District Judge

6